**SPEARS**
**MANNING**
**MARTINI**

April 20, 2023

*VIA ECF*

The Honorable Judith C. McCarthy
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150
McCarthy_NYSDchambers@nysd.uscourts.gov

**SO ORDERED:**
The issues raised in this letter will be addressed at the May 1, 2023 conference. In addition, Plaintiff is directed to respond to this letter by April 24, 2023.

_____ 4-20-23
JUDITH C. McCARTHY
United States Magistrate Judge

**Re:** *Richards v. Kallish et al*, **Civil Case No. 7:22-cv-09095-CS**
   **Request For Informal Conference**

Dear Magistrate Judge McCarthy[1]:

We represent the Defendants, Thomas C. Kallish, Everyone's Earth, Inc., and Kane Socks Company d/b/a Kane 11 (collectively, the "Defendants"). We write to request an informal conference regarding our request that the Court enter a Protective Order partially staying discovery pending the Court's ruling on the Defendants' Motion to Dismiss Counts Two through Five of Plaintiff's Amended Complaint. Defendants seek a stay with respect to discovery related to damages only because, if their motion to dismiss is granted—either in its entirety or as to Counts Three and Four seeking damages—there will be no claim left in Plaintiff's Amended Complaint for which damages is an appropriate remedy. Undersigned counsel discussed this issue in a "meet and confer" with Plaintiff's counsel conducted on April 11, 2023, and it appeared from that discussion that the issue could not be resolved.

**Legal Standard**

In most instances, a motion to dismiss the complaint does not stay discovery. *Ruilova v. 443 Lexington Ave, Inc.*, 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020). However, the Court has "considerable discretion" to decide whether a pending motion to dismiss provides the "good cause" required for the entry of a protective order staying discovery. *Mortgage Resolution Servicing, LLC v. JP Morgan Chase Bank, N.A.*, 2016 WL 3906712, *5 (S.D.N.Y. July 14, 2016). In exercising this discretion to stay discovery pending resolution of a motion to dismiss, Courts consider "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Id.*

---

[1] On April 18, 2023, the Defendants mistakenly addressed this letter motion to Judge Siebel. *See* Dkt. No. 58.

**Discussion**

Defendants have presented a strong motion to dismiss four of the five claims contained in the Plaintiff's Amended Complaint. If that motion is successful in its entirety, Plaintiff's case will consist of a single count – Count One – which seeks only declaratory relief. Although the briefing of Defendants' motion is not complete, Plaintiff recently filed her opposition. In Plaintiff's Opposition, she not only abandons Count Five, but provides little to suggest that the remaining counts seeking damages – Counts Three and Four -- could survive Defendants' motion to dismiss, including her failure to show how her allegations plausibly state a claim that she—as a claimed sole inventor of the patents at issue—could reasonably have relied on Defendant Kallish's position that he was a co-inventor or how Plaintiff and Kallish were in a fiduciary relationship.

Moreover, Plaintiff will not be prejudiced by a brief partial stay because discovery has already commenced and Defendants have provided significant discovery responses to Plaintiff. First, on January 26, 2023, Defendants served their Initial Disclosures. Second, Plaintiff served Defendants with 100 Requests for Admission and Defendants responded to Plaintiff's requests on March 10, 2023, asserting various objections and providing responses. Third, in response to Plaintiff's First and Second Requests for Production of Documents, Defendants are prepared to produce 287 documents to Plaintiff upon the Court's entry of the parties' agreed upon Protective Order. Further on April 13, 2023, Defendants produced a privilege log listing the documents they have withheld on privilege grounds, thus enabling Plaintiff to begin to contest Defendants' privilege designations.

Having received this discovery from Defendants, a brief stay of discovery—limited to damages *only*—will not prejudice Plaintiff. *See Ruilova,* at *1 (prejudice to Plaintiffs reduced where discovery is proceeding). Apart from the documents on the privilege log, Plaintiff has received discovery responses and objections that will permit her to conduct the case while the parties await the Court's decision on Defendant's motion to dismiss. Moreover, once the motion to dismiss is fully briefed and submitted to the Court on May 1, 2023, a partial stay will likely be "short-lived." *Mortgage Resolution Servicing, LLC,* at *7 (citing *Integrated Systems and Power, Inc. v. Honeywell International, Inc.*, 2009 WL 2777076 at *1 (S.D.N.Y. Sept. 1, 2009)).

On the other hand, Defendants will be prejudiced by having to produce documents and information that is only relevant, if at all, to Plaintiff's potential damages claims. This information includes confidential financial information that Plaintiff would only be entitled to see in discovery if Defendants' motion to dismiss is denied and a claim for damages survives. *See id.* (Defendants prejudiced if required to respond to broad discovery requests if motion to dismiss is granted); see also *Picture Patents, LLC v. Terra Holdings LLC*, 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008) (granting stay of discovery pending resolution of motion to dismiss patent infringement suit where "the discovery will necessarily be time consuming, burdensome and expensive" and, if successful on motion to dismiss, "the burden of litigating the discovery issues will have been for nothing and defendants will have suffered the burden of unnecessary legal fees."); *Chesney v. Valley Stream Union Free School District No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. Mar. 28, 2006) ("By waiting until a decision is reached on the pending motion [to dismiss], the areas of

discovery may well be substantially reduced, if not eliminated, as to certain named defendants here.")

**Conclusion**

For these reasons, Defendants respectfully request that the Court issue a Protective Order granting a limited stay of discovery that extends only to discovery related to Plaintiff's alleged damages. There will be no prejudice to Plaintiff as she has already received discovery from Defendants, but a denial will result in significant prejudice to Defendants if they are required to produce damages-related discovery prior to the Court's resolution of their motion to dismiss.

Respectfully submitted,

*Joseph W. Martini /aas*

Joseph W. Martini
Leslie A. Cahill (*pro hac vice*)

cc: Claudia Pollak, Esq.
Michael George Santangelo, Esq.