UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NICOLE RICHARDS,<br>*Plaintiff*,<br>v.<br><br>THOMAS C. KALLISH, EVERYONE'S EARTH, INC., and KANE SOCKS COMPANY,<br><br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No.<br>7:22-CV-09095 (CS)<br><br><br><br><br><br>April 3, 2023 |

## CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality;

WHEREAS, the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Subject to the terms hereof, counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in: (1) information that is a trade secret, as set forth in the Uniform Trade Secrets Act; (2) research, development, or commercial information that is of a highly competitively sensitive nature and that a reasonably prudent business person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which would likely cause proprietary, competitive, or economic harm; or (3) otherwise sensitive non-public information; or such designation is necessary to protect documents and information which references, or was sent, received or provided by any individual or entity which is not a party to this action ("Confidential Information").

2. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

3. Each Party that designates information or items for protection under this Stipulation and Order must limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the party disclosing Confidential Information (the "Disclosing Party") must designate for protection only those parts of material, documents, items, or oral or written communications that qualify as Confidential Information so that other portions of the material, documents, items, or communications for which protection is not warranted are not designated as Confidential Information.

4. Transcripts containing Confidential Information shall have an obvious legend on the title page that the transcript contains such Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as protected material. No other pages of any transcripts will be deemed to be Confidential Information.

5. The parties acknowledge that this Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to Confidential Information as defined herein.

6. The protections conferred by this Stipulation and Order do not cover the following information: (a) information that was in the receiving party's possession before receipt from the Disclosing Party; (b) information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Stipulation and Order, including becoming part of the public record through trial or otherwise; and (c) any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Disclosing Party.

7. In the event that a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

8. Nothing in this Stipulation and Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

9. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action, except that documents designated as "CONFIDENTIAL" may be disclosed to:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

10. Any use of Confidential Information at trial shall be governed by a separate agreement or order.

11. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

12. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

13. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

14. The parties shall redact any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) from documents exchanged in discovery.

15. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

16. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

17. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: April 3, 2023
White Plains, New York

_____          _____
Counsel for Plaintiff(s)              Counsel for Defendant(s)

SO ORDERED:

_____ 4-20-23
JUDITH C. McCARTHY
United States Magistrate Judge

4

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled NICOLE RICHARDS v. KALLISH et al. have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 2023

_____ Name (printed) _____ (Signature)

Signature Signed in the presence of:

_____
(Attorney)