UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Nicole Richards,

                Plaintiff,

       -against-

Thomas C. Kallish, et al.,

                Defendants.
------------------------------------------------------------------X

22-cv-9095 (CS) (VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

    The parties inform the Court of two pending discovery disputes that require the Court's guidance: (1) Defendants' assertion of attorney-client privilege with respect to many documents in response to Plaintiff's Request for Admissions and Requests for Production of Documents; and (2) Defendants' Motion for a Partial Stay of Discovery. (ECF Nos. 50, 53, 69, 71, 78.)

**I.**    **Attorney-Client Privilege**

    Plaintiff argues that the Defendants have made broad and erroneous claims of attorney-client privilege on their privilege log, including withholding the following: (1) communications with "unidentified individuals" and non-attorneys; (2) attorney invoices; (3) documents that do not appear to comprise legal advice but are instead being withheld on the basis of Defendants' pending motion for a partial stay of discovery (e.g., a capitalization table, pitch deck, and private placement memorandum); (4) records that do not identify the subject matter of the communication or the basis of the claimed privilege; and (5) communications involving patent counsel, including those voluntarily disclosed to the Plaintiff, either as a joint inventor represented jointly by patent counsel (as Plaintiff claims) or as an agent of Everyone's Earth, Inc. (as Defendants claim). (ECF No. 78 at 3–6.)

1

With respect to category (1) regarding communications with "unidentified individuals" and non-attorneys, Defendants do not appear to dispute that their privilege log contains such entries, but instead argue that these communications are nevertheless privileged because they involve paralegals and administrators working for patent counsel or employees or agents of Everyone's Earth. (*Id.* at 2.) Defendants also state that they are willing to provide Plaintiff with "the specific role or position held by any other individual to the extent it is not otherwise apparent from the privilege log." (*Id.* at 2.) Accordingly, **by no later than July 25, 2023,** Defendants are directed to revise their privilege log by identifying all "unidentified individuals" and non-attorneys and to provide the specific role or position held by individuals whose communications Defendants claim are privileged. The revised privilege log should make clear which entries have been revised in response to this Order.

With respect to category (2) regarding attorney invoices, it appears that the parties agree that these invoices should be produced to the Plaintiff with appropriate redactions for any legal strategy or legal advice revealed within them. (*See id.* at 2, 4.) **By no later than July 25, 2023,** Defendants are therefore directed to produce the withheld attorney invoices in redacted form and to ensure that their privilege log includes the bases for those redactions. The revised privilege log should make clear which entries have been added in response to this Order.

With respect to category (3) regarding business records such as a capitalization table, pitch deck, and private placement memorandum, it appears that Defendants are withholding at least some of these documents based on their pending motion for a partial stay of discovery, and not some other claimed privilege. (*See id.* at 3.) The privilege log should not

be used to shield documents from discovery when there is no claim of attorney-client privilege or work product.  *See Deutsche Bank Sec. Inc. v. Kingate Glob. Fund Ltd.*, No. 19-cv-10823, 2022 WL 3644822, at *5 (S.D.N.Y. Aug. 24, 2022) ("The purpose of a privilege log is to enable the opposing party and the Court to test the asserted privilege.") (alteration omitted); *cf.* Fed. R. Civ. P. 26(b)(5) (describing necessary contents of privilege log based on claimed privilege or protection as trial-preparation material).  Defendants' arguments regarding relevance will be addressed as part of their motion for a protective order but are not a proper basis for listing documents on the privilege log.  Accordingly, **by no later than July 25, 2023,** Defendants are directed to revise their privilege log by removing any documents that are being withheld based on their pending motion for a partial stay of discovery, rather than based on any claimed privilege.  The revised privilege log should make clear which entries have been removed in response to this Order.

With respect to category (4) regarding entries that do not identify the subject matter of the communication or the basis of the claimed privilege, neither party provides much information or explanation about this issue.  Plaintiff generally states that there are "over 2,000 records that do not provide any information to determine the content of the record and whether it is limited to legal advice by an attorney that was maintained in confidence" (ECF No. 78 at 3), and that there are "2300 records that did not identify the subject matter of the record" (*id.* at 5).  Defendants do not directly address this issue.  **By no later than July 25, 2023,** Defendants are directed to revise their privilege log to ensure that it complies with Federal Rule of Civil Procedure 26(b)(5)(A) and S.D.N.Y. Local Rule 26.2 by identifying the subject matter of the record and the basis of any claimed privilege.  The revised privilege log should make clear which entries have been revised to address this Order.

With respect to category (5) regarding communications involving patent counsel, including those voluntarily disclosed to the Plaintiff, the parties argue over the scope and applicability of the attorney-client privilege. According to Plaintiff, she received these communications as a joint inventor who was jointly represented by the patent counsel with whom she was communicating. (*Id.* at 4.) Defendants argue that the claimed privilege belongs to Everyone's Earth and that Plaintiff received these communications as an agent of Everyone's Earth such that her receipt of these communications did not waive the privilege. (*Id.* at 2.) In addition to the documents listed on the privilege log, the parties have raised the broader issue of whether Plaintiff can pursue discovery of the patent attorneys involved in the prosecution of the patents at issue. Such discovery would appear to include documents and communications involving patent counsel that are listed on Defendants' privilege log (whether or not Plaintiff is included on those communications), as well as depositions of patent counsel.

The Court believes that formal briefing is necessary to determine the applicability and scope of the attorney-client privilege as it relates to patent counsel, and whether and to what extent broader discovery of patent counsel is warranted. Defendants' opening brief is due on **July 18, 2023**; Plaintiff's response is due on **July 25, 2023**; and Defendants' reply (if any) is due on **July 27, 2023**. Alternatively, the parties may agree-upon and submit a proposed briefing schedule for the Court's approval **by no later than July 17, 2023**.

## II. <u>Defendants' Motion for a Partial Stay of Discovery</u>

Also pending before the Court is Defendants' motion for a protective order to enable a partial stay of discovery. (ECF Nos. 61, 68.) Defendants argue that many of the documents sought by Plaintiff in discovery are only relevant to her claims for damages, which are subject to Defendants' pending motion to dismiss. Plaintiff argues that no stay of discovery is warranted and that, even if such a motion is granted, many of the discovery requests that Defendants characterize as damages-related are more broadly relevant to her claim in Count 1 of the Complaint, which is not subject to Defendants' motion to dismiss. In particular, the Plaintiff identifies Document Request Nos. 1, 6, 7, 8, 9, 14, and 16 as relevant to more than damages.[1] The Court will address Defendants' motion for a partial stay of discovery at a telephonic status conference, as noted below. At the conference, the parties should be prepared to address which (if any) of Plaintiff's document requests relate to damages only, the types of documents requested, and the volume of documents involved.

## III. <u>Telephonic Status Conference</u>

The Court has scheduled a **<u>Telephone Status Conference</u>** before the Honorable Victoria Reznik, United States Magistrate Judge, on **<u>August 10, 2023, at 10:30 AM</u>**. At the conference, the Court will address the Defendants' motion for a partial stay of discovery, as well as any remaining issues identified in the parties' May 12, 2023, joint pre-motion letter. **The parties are to call in to 1-877-336-1839 and enter access code 5999739# to enter the conference.**

---

[1] Plaintiff refers to "Exhibit D" as listing those discovery demands that Defendants characterize as limited to damages, but the parties' joint letter only contains "Exhibit F." The Court assumes Exhibit F contains the listing referred to by Plaintiff.

**PLEASE NOTIFY YOUR ADVERSARY OF THIS SCHEDULE <u>IMMEDIATELY</u>**

      **SO ORDERED.**

DATED:      White Plains, New York
                 July 11, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge