**SPEARS
MANNING
MARTINI**

July 25, 2023

*VIA ECF*

The Honorable Victoria Reznik
United States Magistrate Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:    *Richards v. Kallish et al*, Civil Case No. 7:22-cv-09095-CS
       **Motion to Seal Exhibits Attached to Defendants' Memorandum of Law in Support
       of Their Assertions of the Attorney-Client Privilege**

Dear Magistrate Judge Reznik:

Defendants Thomas C. Kallish and Everyone's Earth, Inc. respectfully move to seal Exhibits B, D, F and G attached to Defendants' Memorandum of Law in Support of Their Assertions of the Attorney-Client Privilege. The documents Defendants seek to seal constitute a handful communications included on Defendants' privilege log, which Defendants maintain are protected by the attorney-client privilege and which Defendants are offering solely to support their claim of privilege, without waiver of the same.

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution." *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020). To determine whether this presumption applies to a particular document, the Second Circuit has prescribed a three-step analysis:

> First, the court determines whether the record at issue is a "judicial document"—a document to which the presumption of public access attaches. . . . Next, if the record sought is determined to be a judicial document, the court proceeds to "determine the weight of the presumption of access" to that document. . . . Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access.

*Id.* (quoting *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006), and *United States v. Erie Cty.*, 763 F.3d 235, 239 (2d Cir. 2014)). "Foremost among the competing concerns that a court weighing disclosure must consider is 'the privacy interest of the person resisting disclosure.'" *Id.* at 61 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Here, even assuming that the exhibits at issue are "judicial documents," protection of the attorney-client privilege is "substantial interest" that may overcome the presumption of public

access.  *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *see also Hicks v. T.L. Cannon Corp.*, No. 13-CV-06455 (EAW), 2017 WL 11676798, at *1 (W.D.N.Y. Feb. 27, 2017) (granting motion to seal documents on grounds of the attorney-client privilege where the documents "contain or summarize communications between counsel and client that were kept confidential and were made for the purpose of obtaining legal advice and public disclosure would pose the risk of waiving such privilege in the future"); *Suber v. VVP Servs., LLC*, No. 21-2649, 2023 WL 115631, at *4 (2d Cir. Jan. 10, 2023) (summary order) (recognizing that "the attorney-client privilege can be a justification for leaving documents under seal").

Defendants' request is also narrowly tailored in that Defendants have only sealed those exhibits that implicate the attorney-client privilege, and have described the non-privileged components of those exhibits that are relevant to their privilege claim in their accompanying unredacted memorandum of law.

Defendants accordingly respectfully request that the motion to seal be granted as to Exhibits B, D, F and G.

Respectfully submitted,

*/s/ Leslie A. Cahill*

Joseph W. Martini

Leslie A. Cahill (*pro hac vice*)

*Counsel for Defendants Thomas C. Kallish and Everyone's Earth, Inc.*

cc:    Claudia Pollak, Esq.
       Michael George Santangelo, Esq.