UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Nicole Richards,

                                    Plaintiff,

                    -against-

Thomas C. Kallish, et al.,

                                    Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __  8/1/2023

22-cv-9095 (CS) (VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

By letter motion, Defendants move to seal exhibits B, D, F, and G to Defendants'

Memorandum of Law in Support of their Assertions of Attorney-Client Privilege.  (ECF No. 86

(Mot.)).  For the reasons explained below, Defendants' motion is **GRANTED** in part and

**DENIED** in part.  Exhibits B, F, and G shall be provisionally sealed, pending the outcome of the

parties' pending dispute regarding the scope and applicability of the attorney-client privilege.

The request to seal Exhibit D is denied, subject to Defendants submitting a redacted version that

redacts the emailed communications but not the attached Assignment.

**BACKGROUND**

Through a series of letter motions, the parties informed the Court of two pending

discovery disputes that require the Court's guidance.  (ECF Nos. 50, 53, 69, 71, 78).[1]  As

relevant now, the parties disagree as to Defendants' assertion of attorney-client privilege with

respect to many documents responsive to Plaintiff's Request for Admissions and Requests for

_____

[1] The Court assumes the parties' familiarity with the facts and record of the prior proceedings, to
which the Court refers only as necessary to explain this decision.

Production of Documents.  (*See* ECF No. 78 at 1–6).[2]  On July 11, 2023, the Court ordered the parties to brief the applicability and scope of the attorney-client privilege as it relates to patent counsel, and whether and to what extent broader discovery of patent counsel is warranted.  (ECF No. 79 (Order) at 4).

On July 25, 2023, Defendants filed their opening brief and attached nine exhibits in support.  (ECF Nos. 88 (Mem.), 88-1 to 88-9 (Exhibits)).  Contemporaneously, Defendants filed their Letter Motion to Seal Exhibits B, D, F, and G to Defendants' Memorandum of Law in Support of their Assertions of Attorney-Client Privilege.  (ECF No. 86 (Ltr. Mot.).  They contend that a seal order is appropriate because Exhibits B, D, F, and G contain communications that are protected by attorney-client privilege and that the "attorney-client privilege is [a] 'substantial interest' that may overcome the presumption of public access."  (*Id.*).

Plaintiff opposes the motion and argues that none of the documents contain any privileged legal advice, sensitive business, or personal information, and that the documents are already in Plaintiff's possession, under no obligation of confidentiality, and have been produced by Plaintiff in discovery and will be proffered by Plaintiff as evidence in this matter.  (ECF No. 90 (Ltr. Response)).

## DISCUSSION

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution," *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022), and is secured by the First Amendment, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).  A "judicial document" is "a filed item that is relevant to the performance of the judicial function and useful in the judicial

---

[2] All page numbers refer to pdf pagination.

process." *Bernstein*, 814 F.3d at 139 (internal quotation marks omitted).  To overcome the presumption of public access, the court must make "specific, on-the-record findings" for each individual document that sealing (1) "is necessary to preserve higher values," and (2) "is narrowly tailored to achieve that aim."  *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).

Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions."  *Id.* at 50. "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion.  *Id.*  Because Defendants' memorandum of law and exhibits were filed in connection with a discovery dispute, (*see* ECF Nos. 88, 88-1 to 88-9), the presumption of public access that attaches to these documents is lower.

The Second Circuit has "implied," but has not yet held, "that protection of the attorney-client privilege is a 'higher value' under the First Amendment that may rebut the presumption of access."  *Bernstein*, 814 F.3d at 145; *Lugosch v. Pyramid Co.*, 435 F.3d 110, 125 (2d Cir. 2006) ("[A]ttorney-client privilege might well be such a compelling reason.").  Moreover, Courts in this District have held that the attorney-client privilege is a higher value that may justify sealing a document.  *See Delta Air Lines v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020); *Haider v. Geller & Co.*, 457 F. Supp. 3d 424, 427–28 (S.D.N.Y. 2020); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018).  "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice."  *United*

3

*States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011).

**Exhibits B, F, and G** facially contain emailed communications between an attorney and his client that were intended, and were in fact, kept confidential, and were made for the purpose of obtaining or providing legal advice.  Therefore, based on the Court's review, the Court finds that **Exhibits B, F, and G** shall be provisionally sealed, pending the outcome of the parties' pending dispute regarding the scope and applicability of the attorney-client privilege.

**Exhibit D** contains both an emailed communication that is facially subject to attorney-client privilege and an Assignment, which is neither privileged nor confidential.  Accordingly, based on the Court's review, the Court finds that **Exhibit D** should not be sealed in its entirety, subject to Defendants' submission of a redacted version that redacts the emailed communication but not the attached Assignment.

## CONCLUSION

Accordingly, Defendants' motion to seal is **GRANTED** in part and **DENIED** in part. Exhibits B, F, and G shall be provisionally sealed, pending the outcome of the parties' pending dispute regarding the scope and applicability of the attorney-client privilege.  The request to seal Exhibit D is denied, subject to Defendants submitting a redacted version that redacts the emailed communications but not the attached Assignment.

ECF Nos. 88, 88-1 to 88-9 were filed under seal and accessible only to selected parties. The Clerk of Court is directed to maintain ECF Nos. 88-2, 88-6, and 88-7 under seal and accessible only to selected parties.  Additionally, the Clerk of Court is directed to maintain ECF No. 88-4 under seal and accessible only to selected parties pending submission of a version of Exhibit D that redacts the emailed communication but not the attached Assignment.  Finally, the Clerk of Court is directed to modify the viewing level of ECF Nos. 88, 88-1, 88-3, 88-5, 88-8,

4

and 88-9 to the public viewing level.

The Clerk of Court is directed to terminate the letter motion at ECF No. 86.

**SO ORDERED.**

DATED:      New York, New York
              August 1, 2023

VICTORIA REZNIK
United States Magistrate Judge

5