UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Nicole Richards,

                                Plaintiff,

          -against-

Thomas C. Kallish, et al.,

                                Defendants.

-----------------------------------------------------------------

22-cv-9095 (CS) (VR)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/26/2023

**VICTORIA REZNIK, United States Magistrate Judge:**

On September 19, 2023, the Court held a telephonic Status Conference to address the issues raised in the parties' filings at ECF Nos. 94, 97, 99, 100, and 102. During the Status Conference, the Court made rulings on the record that are memorialized below.

**I.**      **Plaintiff's August 9, 2023, Letter Motion**

By Letter Motion, dated August 9, 2023, Plaintiff informed the Court of seven discovery disputes that required the Court's guidance. (ECF No. 94). For the reasons stated more fully on the record, the Court made the following rulings:

1. Plaintiff's motion to compel Defendants to provide evidence of employment by Everyone's Earth of the individuals listed on Defendants' privilege log is **DENIED.**

2. Plaintiff's motion to compel Defendants to produce 199 attorney invoices in unredacted form for *in camera* review is **DENIED.**

3. Plaintiff's motion to compel Defendants to produce 295 entries on their privilege log is **DENIED,** without prejudice to renewal following Plaintiff's review of Defendants' September 18, 2023, document production.

    If Plaintiff seeks further Court intervention on this dispute, Plaintiff must (a) provide the disputed privilege log descriptions and (b) explain the bases for

1

    questioning them.

4. Plaintiff's request for an *in camera* review of 624 documents that Defendants removed from their privilege log as nonresponsive is **DENIED**.

   If Plaintiff seeks further Court intervention on this dispute, Plaintiff must (a) provide the disputed descriptions from the log of nonresponsive documents provided by Defendants and (b) explain the bases for questioning them.

5. Plaintiff's motion to compel production of the financial statements of Everyone's Earth, including any documents that were sent to its investors, the board of directors, or provided to the officers or accountant, is **DENIED** as moot.

   During the Status Conference, the parties indicated that the documents were produced in Defendants' September 18, 2023, document production.

6. Plaintiff's request for permission to subpoena Tommie Copper Inc. for all documents showing a sale of Tommie Copper stock by Mr. Kallish from Tommie Copper Inc. or its applicable holding company is **GRANTED**, although no such permission is required.

7. Plaintiff's request for an *in camera* review of four pages produced by Plaintiff in redacted form to protect purported trade secrets is **GRANTED.**

   At the Status conference, the Court directed Plaintiff to submit the four pages to the Court for *in camera* review, along with a letter explaining the nature of the documents and the context surrounding them, by no later than **September 22, 2023**.  The Court deferred ruling on whether Plaintiff must produce these documents with an attorneys' eyes-only designation.

## II.    <u>Defendants' August 16, 2023, Letter Motion</u>

By Letter Motion, dated August 16, 2023, Defendants informed the Court of three discovery disputes that required the Court's guidance.  (ECF No. 97 at 1–5).  For the reasons stated more fully on the record, the Court made the following rulings:

1. Defendant's motion to compel Plaintiff to correct deficiencies in her production is **GRANTED**.

   The Court directed Plaintiff to identify where each document begins and ends and to separate each document into a separate PDF file.  As for the bates number issue, the Court advised that Defendants may apply their own bates numbers to Plaintiff's production, which would then govern in this case.  If the parties and their vendors

determine a better and more efficient solution to this problem, they may do so and advise the Court.

2. Defendants' motion to compel Plaintiff to respond to Requests for Production Nos. 5 through 8, is **GRANTED** in part and **DENIED** in part.

   Defendants must narrow their demands to communications that are relevant to the patents at issue, and Plaintiff must produce documents in response to these narrowed requests.

3. Defendants' motion to compel responses to their request for "copies of all payments received by the Plaintiff" from Tommie Copper, Inc. and Tommie Copper (Holdings) Inc. is **DENIED.**

### III.     Plaintiff's August 25, 2023, Letter Motion

By Letter Motion, dated August 25, 2023, Plaintiff raised additional discovery issues that required the Court's guidance. (ECF No. 100). For the reasons stated more fully on the record, the Court made the following rulings:

1. Plaintiff's motion to strike paragraph two of page six of Defendants' Reply to Plaintiff's Memorandum of Law Opposing Defendants' Motion for a Protective Order is **DENIED.**

2. Plaintiff's motion to compel production of "unredacted copies of Everyone's Earth's stockholder lists, and all communications that exist between Defendants and the stockholders and prospective investors of Everyone's Earth regarding the patents in suit" is **DENIED.**

Plaintiff also made a motion to seal pages five to seven of Exhibit B to Defendants' Reply, which the Court separately addresses below.

### IV. Plaintiff's Motion to Seal Exhibit B of Defendants' Reply

Plaintiff moves to seal pages five to seven of Exhibit B to Defendants' Reply (i.e., ECF No. 93-2), because they "contain[] confidential trade secrets about the patents in suit that were relayed by Plaintiff to patent counsel in confidence and have no need to be publicized and could be highly damaging to Plaintiff." (ECF No. 100 at 1-2). In response, Defendants argue that because they own the patents at issue, they have the right to decide whether Exhibit B contains trade secrets that must be protected from disclosure and, in their view, it does not. (ECF No. 102 at 3–4).

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution," *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022), and is secured by the First Amendment, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016). A "judicial document" is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 139 (internal quotation marks omitted). To overcome the presumption of public access, the court must make "specific, on-the-record findings" for each individual document that sealing (1) "is necessary to preserve higher values," and (2) "is narrowly tailored to achieve that aim." *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).

Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions." *Id.* at 50. "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery

4

dispute, "the reasons usually need not be as compelling as those required to seal" filings connected to a dispositive motion.  *Id.*  Because Exhibit B was filed in connection with a discovery dispute, (*see* ECF Nos. 93, 93-2), the presumption of public access that attaches to these documents is lower.

The protection of trade secrets is value that may be sufficient to defeat the First Amendment presumption of public access.  *See Bernstein*, 814 F.3d at 143 (noting that a document revealing trade secrets is a circumstance favoring secrecy); *accord United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("[T]he public has in the past been excluded, temporarily or permanently, from the records of court proceedings to protect private as well as public interests: to protect trade secrets . . . .") (alteration omitted); *see also Hardy v. Equitable Life Assur. Soc'y*, 697 F. App'x 723, 725 (2d Cir. 2017) (Summary Order) ("Courts have found that interests such as protection of . . . trade secrets may be sufficient to defeat the presumption.").  Moreover, under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, "[t]he Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

"The existence of a trade secret . . . is a fact-specific question to be decided on a case-by-case basis." *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 68 F.4th 792, 801 (2d Cir. 2023).  "An exact definition of a trade secret is not possible." *Speedry Chem. Prods., Inc. v. Carter's Ink Co.*, 306 F.2d 328, 331 (2d Cir. 1962).  However, the Second Circuit has stated that "[a] trade secret is any formula, pattern, device or compilation of information which is used in one's business, and which gives the owner an opportunity to obtain an advantage over

competitors who do not know or use it." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009); *N. Atl. Instruments v. Haber*, 188 F.3d 38, 44 (2d Cir. 1999).

Here, **pages five to seven of Exhibit B to Defendants' Reply** facially contain trade secrets because they appear to contain a formula, pattern, device, or compilation of information that is used in one's business, which would give the owner an opportunity to obtain an advantage over competitors who do not know or use it. *Faiveley*, 559 F.3d at 117; *Haber*, 188 F.3d at 44. Because the information in Exhibit B relates to the patents at issue, and the inventorship of the patents is among the disputed claims, the Court finds it premature for Defendants to disclose this information publicly over Plaintiff's objections.

Accordingly, Plaintiff's motion to seal is **GRANTED**. **Pages five to seven of Exhibit B to Defendants' Reply** shall be provisionally sealed, pending the outcome of the parties' dispute as to the inventorship of the patents at issue. ECF No. 93-2 was publicly filed and was accessible to all PACER users and court personnel. The Clerk of Court is directed to provisionally seal ECF No. 93-2 and modify the viewing level to the selected parties viewing level. Defendants are directed to submit a redacted version of Exhibit B that redacts pages five to seven of the exhibit.

Finally, the Clerk of Court is directed to terminate the pending letter motions at ECF Nos. 94, 97, 99, 100, and 102.

**SO ORDERED.**

DATED:   White Plains, New York
         September 26, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge