UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Nicole Richards, | : | Case No. |
| | : | 7:22-cv-09095 (CS) (VR) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| Thomas C. Kallish, et al., | : | |
| | : | |
| Defendants. | : | October 24, 2023 |
| | : | |
| | : | |

**ADDENDUM TO CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

WHEREAS, the parties, having previously agreed to the terms of confidentiality set forth in the Confidentiality Stipulation and Protective Order so-ordered by the Court (the "Protective Order," ECF No. 66), the terms of which are incorporated by reference herein;

WHEREAS, the parties and the Court having found that good cause exists for an amendment to the Protective Order to address the handling of documents for which an "Attorney's Eyes Only" designation may be warranted, it is hereby

ORDERED that the following restrictions and procedures shall apply to information and documents exchanged by the parties in connection with the pre-trial phase of this action for which either party may seek an "Attorney's Eyes Only" designation:

1. Counsel for any party may designate any document or information, in whole or in part, as Attorney's Eyes Only ("AEO"), if counsel determines, in good faith, that the document or information constitutes "Confidential Information" as defined in paragraph 1 of the Protective Order, and, additionally, if counsel determines, in good faith, that disclosure of such Confidential Information to another Party carries a substantial risk to cause a competitive disadvantage to the Disclosing Party or could create a substantial risk of serious harm that could not be avoided by less restrictive means.

2. Before producing documents marked AEO, counsel for the Disclosing Party must provide notice to counsel for the Receiving Party of the AEO designation, and the Disclosing Party must obtain written confirmation (which can be by email) of the Receiving Party's acknowledgment of the AEO designation.

3. The Disclosing Party must provide its production in a format that separates the files or links containing documents that are designated AEO from any files or links that include documents that are not designated AEO.

4. Upon production of documents designated AEO, the Disclosing Party must include an explanation as to the reason for the highly sensitive nature of each document or category of document, such that the Disclosing Party believes it warrants an AEO designation. The Disclosing Party should attempt to produce a redacted document that is not designated AEO if doing so is reasonably practicable, and if the portion of the document that is deemed to warrant the AEO designation is not responsive to the document request promulgated by the Receiving Party.

5. Upon receiving documents marked AEO, counsel for the Receiving Party must retain sole custody of such documents and may not forward, share, or otherwise disclose any document marked AEO in whole or in part to his or her client or to any third party absent either: 1) agreement by the Disclosing Party that the document can be de-designated as non-AEO; or 2) an order from this Court.

6. If the Receiving Party seeks to challenge part or all of a production marked AEO on the grounds that the AEO designation is not justified, the Receiving Party must alert the Disclosing Party of their specific objections to each document(s) designated AEO, and the parties must thereafter meet and confer if the challenge cannot be resolved in writing.

7. If, after engaging in a meet and confer, the parties are unable to resolve their disagreement regarding the propriety of the AEO designation, the parties may file a letter motion to alert the Court of their dispute.

SO STIPULATED AND AGREED.

Dated: October 24, 2023
White Plains, New York

*/s/ Claudia Pollak*          */s/ Leslie A. Cahill*
Counsel for Plaintiff          Counsel for Defendants

10/25/2023          _____
VICTORIA REZNIK
United States Magistrate Judge