UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Nicole Richards,

                                    Plaintiff,

        -against-

Thomas C. Kallish, et al.,

                                  Defendants.
-----------------------------------------------------------------X

22-cv-9095 (CS) (VR)

**OPINION & ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

By letter motion, Defendants move to seal Exhibits A, B, and C to the Affidavit of Leslie A. Cahill in Support of Defendants' Application for Fees and Costs. (ECF No. 119). By letter motion, Plaintiff cross-moves to seal Exhibit A to the Affirmation of Claudia Pollak in Support of Plaintiff's Application for Attorney's Fees. (ECF No. 122). For the reasons explained below, the cross-motions are **GRANTED**. The foregoing exhibits shall be provisionally sealed, pending the outcome of the parties' pending cross-motions for sanctions under Rule 37(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

By letter motions, the parties cross-moved to impose sanctions upon each other pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. (ECF Nos. 105, 107). On October 19, 2023, the Court held a discovery conference with the parties, during which the Court heard oral argument on the parties' pending cross motions. (ECF 10/19/2023 Minute Entry). During the conference, the Court directed the parties to submit itemized lists of the costs and expenses they seek to recoup through their Rule 37(b) motions. (*Id.*). In response to the Court's directive, the parties submitted affirmations and exhibits. (*See* ECF Nos. 120, 121, 121-1, 121-2, 121-3, 123,

124).  The parties now move to seal those exhibits.  (ECF Nos. 119, 122).

## DISCUSSION

"Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution," *Olson v. Major League Baseball*, 29 F.4th 59, 87 (2d Cir. 2022), and is secured by the First Amendment, *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016).  A "judicial document" is "a filed item that is relevant to the performance of the judicial function and useful in the judicial process."  *Bernstein*, 814 F.3d at 139 (internal quotation marks omitted).  To overcome the presumption of public access, the court must make "specific, on-the-record findings" for each individual document that sealing (1) "is necessary to preserve higher values," and (2) "is narrowly tailored to achieve that aim."  *Brown v. Maxwell*, 929 F.3d 41, 47–48 (2d Cir. 2019).

Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions."  *Id.* at 50.  "Thus, while a court must still articulate specific and substantial reasons" for sealing material filed in connection with a discovery dispute, those reasons usually need not be as compelling as those required to seal filings connected to a dispositive motion.  *Id.*  Because the parties' affirmations and exhibits were filed in connection with a discovery dispute — i.e., their pending cross-motions to impose discovery sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure — the presumption of public access that attaches to these documents is lower.

The Second Circuit has "implied," but has not yet held, "that protection of the attorney-client privilege is a 'higher value' under the First Amendment that may rebut the presumption of

2

access." *Bernstein*, 814 F.3d at 145; *Lugosch v. Pyramid Co.*, 435 F.3d 110, 125 (2d Cir. 2006) ("[A]ttorney-client privilege might well be such a compelling reason."). Moreover, courts in this District have held that the attorney-client privilege is a higher value that may justify sealing a document. *See Delta Air Lines v. Bombardier, Inc.*, 462 F. Supp. 3d 354, 357 (S.D.N.Y. 2020); *Haider v. Geller & Co.*, 457 F. Supp. 3d 424, 427–28 (S.D.N.Y. 2020); *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). Additionally, "[i]n an appropriate case, sealing can be justified by the need to protect trade secrets or other competitively sensitive business information." *Stinson v. City of New York*, No. 18-cv-27, 2018 WL 11585446, at *3 (S.D.N.Y. Dec. 27, 2018). Thus, where sufficiently supported, the Court may seal documents containing attorney's fees and hours, as they may reveal competitively sensitive business information or communications subject to attorney-client privilege. *Diversified Grp. Inc. v. Daugerdas*, 304 F. Supp. 2d 507, 514 (S.D.N.Y. 2003). For similar reasons, courts often choose to review invoices and billing records *in camera* when calculating awards of attorney's fees and costs. *Major League Baseball Props., Inc. v. Corporación de Televisión y Microonda Rafa, S.A.*, No. 19-cv-8669, 2020 WL 5518361, at *4 (S.D.N.Y. Sept. 14, 2020); *see Hervochon v. Iona Coll.*, No. 14-cv-6017, 2019 WL 2451431, at *15–16 (S.D.N.Y. Feb. 15, 2019) (conducting *in camera* review of invoices on parties' cross motions for summary judgment for attorney's fees and costs).

   In this case, the privacy interests of the parties outweigh the presumption of public access to the parties' submissions of their attorney's fees and costs. Each of their submissions contain competitively sensitive business information about their respective fees and rates. Moreover, although requested by the Court, such information is not strictly necessary for the Court to resolve the pending cross-motions for sanctions. The Court in its discretion may choose to assess fees and costs as a sanction, but the parties did not directly place those fees and costs at

issue. And depending on the outcome of the motions, the Court may decide not to rely upon the parties' fee submissions at all.

Accordingly, based on the Court's review, the Court finds that **Exhibits A, B, and C to the Affidavit of Leslie A. Cahill in Support of Defendants' Application for Fees and Costs** (ECF No. 121-1, 121-2, 121-3), and **Exhibit A to the Affirmation of Claudia Pollak in Support of Plaintiff's Application for Attorney's Fees** (ECF No. 124), shall be provisionally sealed, pending the outcome of the parties' pending Rule 37(b) motions.

## CONCLUSION

The parties' cross-motions to seal are **GRANTED**. Exhibits A, B, and C to the Affidavit of Leslie A. Cahill in Support of Defendants' Application for Fees and Costs (ECF No. 121-1, 121-2, 121-3), and Exhibit A to the Affirmation of Claudia Pollak in Support of Plaintiff's Application for Attorney's Fees (ECF No. 124), shall be provisionally sealed, pending the outcome of the parties' pending Rule 37(b) motions.

ECF Nos. 121-1, 121-2, and 121-3 were filed under seal and accessible only to selected parties. The Clerk of Court is directed to maintain ECF Nos. 121-1, 121-2, and 121-3 under seal and accessible only to selected parties. ECF No. 124 was filed ex parte. The Clerk of Court is directed to maintain ECF No. 124 under seal and modify the viewing level to selected parties.

The Clerk of Court is directed to terminate the letter motions at ECF Nos. 119 and 122.

**SO ORDERED.**

DATED:   New York, New York
         October 30, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge