```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Nicole Richards,

                                  Plaintiff,

           -against-

Thomas C. Kallish, et al.,

                                  Defendants.

-----------------------------------------------------------------

22-cv-9095 (CS) (VR)

**OPINION AND ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

This Opinion and Order resolves Plaintiff's letter motion to compel (ECF No. 156), and Defendants' letter motion to stay discovery (ECF No. 157).

## I. PLAINTIFF'S LETTER MOTION TO COMPEL

By letter motion, Plaintiff moves to compel Defendants to produce: (1) an unredacted capitalization table; (2) financial statements for the years 2016 to 2023; and (3) bank statements. (ECF No. 156). Defendants oppose. (ECF No. 163). For the reasons below, Plaintiff's letter motion to compel is **DENIED** in its entirety.

### A. Unredacted Capitalization Table

Plaintiff's request to compel production of an unredacted copy of the capitalization table (ECF No. 156 at 3),[1] is **DENIED** as moot. As Defendants explain, they "have already agreed to provide the Plaintiff with an updated Capitalization Table with only the names of investors redacted." (ECF No. 163 at 2). These redactions appear consistent with the Court's August 10, 2023, order that "Defendants may redact the names of other investors without prejudice to

---

[1] All page numbers refer to ECF pagination.

1

Plaintiff providing the Court with an explanation as to the need for these documents in unredacted form." (ECF No. 95). Because Defendants have agreed to produce an updated capitalization table, Plaintiff's request is moot. *See Polewsky v. Soc. Sec. Admin.*, No. 95-6125, 1996 WL 110179, at *2 (2d Cir. Mar. 12, 1996) (Summary Order) ("Where a litigant receives the documents he seeks, an action to compel the production of the documents becomes moot."); *see also Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 314 F.R.D. 85, 88 (S.D.N.Y. 2016) ("Where the party responding to the motion agrees to provide the discovery requested, a motion to compel becomes moot.").

If Plaintiff is asking that the Court order that the stock investors' names be unredacted, then that request is **DENIED**. Plaintiff has not provided the Court with an adequate explanation for why these documents need to be unredacted. Plaintiff states that she has two other witnesses who have corroborated her allegations that Mr. Kallish "engaged in a similar course of conduct." (ECF No. 156 at 3). If true, then it is unclear why Plaintiff needs the names of other investors at this late stage of fact discovery.

B. <u>Financial Statements</u>

Plaintiff's request to compel production of the financial statements for the years 2016 to 2018 (ECF No. 156 at 3), is also **DENIED** as moot. As Defendants explain, they have already agreed to "produce Everyone's Earth's balance sheets, cash flow statements and income statements" for these three years. (ECF No. 163 at 1). Thus, Plaintiff's request is moot. *See Polewsky*, 1996 WL 110179, at *2; *see also Fin. Guar. Ins. Co.*, 314 F.R.D. at 88.

Plaintiff's request to compel production of the financial statements for the years 2019 to 2023 (ECF No. 157 at 3), is **DENIED**. Defendants assert that "[t]here are no financial statements for 2019–2023." (ECF No. 163 at 1). The Court cannot order a party to produce a

document that does not exist.  But Defendants are directed to produce a sworn declaration, stating that these financial statements do not exist.  *See, e.g.*, *Brown v. Coleman*, 514 F. App'x 6, 8–9 (2d Cir. 2013) (Summary Order) (finding that district court did not abuse its discretion "in denying a motion to compel the production of information in the face of a sworn declaration that such evidence no longer existed and only vague assertions to the contrary"); *see also Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 42 (S.D.N.Y. 2016) ("[A] party's good faith averment that the items sought simply do not exist, or are not in his possession, custody, or control, should resolve the issue of failure of production since one cannot be required to produce the impossible.") (internal quotation marks omitted).

### C. Bank Statements

Plaintiff's request to compel production of bank statements is **DENIED**.  (ECF No. 156 at 3).  Plaintiff has not explained why the bank statements are relevant to her remaining claims, or why their production is necessary and proportional to the needs of the case, given the other financial data Defendants have already agreed to produce.  *See* Fed. R. Civ. P. 26(b) (limiting the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

## II. DEFENDANTS' LETTER MOTION TO STAY DISCOVERY

By letter motion, Defendants move to stay discovery pending the outcome of their partial motion to dismiss Count One of the Second Amended Complaint.  (ECF No. 157).  Plaintiff opposes.  (ECF No. 162).  For the reasons below, Defendants' letter motion to stay discovery is **GRANTED** in part and **DENIED** in part.  Fact discovery shall not be stayed.  But expert discovery shall be temporarily stayed pending resolution of the partial motion to dismiss.

Under Rule 26(c)(1) of the Federal Rules of Civil Procedure, the Court may, for good cause shown, protect a party or person from undue burden or expense by staying discovery. *See* Fed. R. Civ. P. 26(c)(1); *Levy v. BASF Metals Ltd.*, 755 F. App'x 29, 31 (2d Cir. 2019) (Summary Order) (holding that a district court did not abuse its discretion by staying discovery while a motion to dismiss was pending).[2] "In evaluating good cause, courts will consider: (1) the breadth of discovery sought (and the burden of responding to it), (2) the strength of the underlying motion, and (3) the risk of prejudice to the party opposing the stay." *Broccoli v. Ashworth*, No. 21-cv-6931, 2023 WL 6795253, at *1 (S.D.N.Y. Oct. 11, 2023).

"As to the strength of the underlying motion prong of this analysis, courts tend to consider whether the resolution of the pending motion to dismiss may dispose of the entire action." *Id.* at *2 (internal quotation marks omitted). Because Defendants only seek to dismiss Count One, the motion to dismiss will not dispose of the entire action. (*See* ECF No. 151). Thus, this prong weighs against granting a stay. *See CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-cv-377, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (weighing the strength of the underlying motion against a stay where the defendant had only filed a partial motion to dismiss).

"[A]s to the breadth of discovery and the possibility of prejudice, it is useful to consider whether the nature of discovery will be fundamentally different from the discovery that Plaintiff would take if a pending motion to dismiss is granted." *Id.* (alteration and internal quotation marks omitted). Further, "the passage of a reasonable amount of time, without any other form of

---

[2] *See also Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004) ("Recognizing the district court's broad discretion to direct and manage the pre-trial discovery process . . . ."); *Broccoli v. Ashworth*, No. 21-cv-6931, 2023 WL 6795253, at *1 (S.D.N.Y. Oct. 11, 2023) ("Although, in general, a motion to dismiss does not automatically stay discovery, upon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c).") (alterations and internal quotation marks omitted).

4

attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *Broccoli*, 2023 WL 6795253, at *2. "Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *Id.*

Here, the breadth of discovery and possibility of prejudice prongs weigh against a stay of fact discovery. The parties have nearly completed fact discovery. And most of what remains is relevant to the breach of fiduciary duty claim, which is not subject to the motion to dismiss. Defendants' remaining fact discovery consists of deposing Dewey McCarley and completing Plaintiff's deposition. (*See* ECF No. 157; 04/09/2024 Minute Entry). During the April 9, 2024, telephonic Status Conference, Defendants asserted that McCarley's deposition was relevant to both counts. Although Defendants asserted that the continuation of Plaintiff's deposition was only relevant to Count One, which is subject to the motion to dismiss, Defendants also asserted that the remainder of the deposition would only take about two hours. As for Plaintiff's remaining fact discovery, Plaintiff seeks to continue the depositions of Ari Melamud and Kitt Coffield (ECF No. 162 at 1), both of which appear relevant to the breach of fiduciary duty claim. Thus, most of the remaining fact discovery is relevant to the breach of fiduciary duty claim, which is not subject to the pending motion to dismiss. And the approximate two hours remaining to complete Plaintiff's deposition is insufficient to create an undue burden or expense such that a stay is warranted. Thus, the breadth of discovery and possibility of prejudice prongs weigh against a stay of fact discovery.

But the Court finds that a stay of expert discovery is warranted. First, it is likely that the breadth of expert discovery (and the burden of responding to it) would be different if the motion to dismiss Count One is granted. Plaintiff explains that she plans to introduce two expert witnesses. (ECF No. 162 at 2). One of them is a chemist, who Plaintiff argues, is relevant to

5

both claims. (*Id.*). The other is a CPA who appears to be relevant to Count Two (the breach of fiduciary duty claim). But the chemist only appears directly relevant to Count One. Plaintiff explains that she plans to introduce the chemist "to opine on matters related to [her] standing to continue her lawsuit, and as to Kallish's claimed co-inventorship of the patents in suit, which relates to Count One." (*Id.*). But she "also plans to utilize the [chemist] to opine on Kallish's technical responses that he provided in his deposition, which is relevant to Kallish's credibility in proving both Count One and Count Two." (*Id.*). Thus, to the extent the chemist is also relevant to the breach of fiduciary duty claim, that relevance appears to be limited in scope to disproving Kallish's credibility. As a result, the scope of Defendants' expert discovery would likely be different if the partial motion to dismiss is granted, so that temporarily staying expert discovery eliminates possible burden and expense. *See, e.g.*, *Schutte Bagclosures Inc. v. Kwik Lok Corp.*, 48 F. Supp. 3d 675, 683 (S.D.N.Y. 2014) ("On May 8, 2014, this Court stayed expert discovery until the parties' pending motions were resolved, but the parties continued with fact discovery, which has now been completed."). Second, on balance, granting a stay of expert discovery does not prejudice Plaintiff. Although Plaintiff argues that she would be prejudiced by a stay because her reputation continues to be harmed, the mere passage of time "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *Broccoli*, 2023 WL 6795253, at *2. Also, a stay poses no limit on Plaintiff's ability to work with her experts and prepare their reports, which would enable the parties to proceed quickly with expert discovery soon after the motion to dismiss is decided.

     Because all three factors weigh against a stay of fact discovery, Defendants' request to stay fact discovery is **DENIED**. But because, on balance, two of the three factors weigh in favor of a stay of expert discovery, Defendants' request to stay expert discovery is **GRANTED**. Thus,

expert discovery shall be temporarily stayed pending the outcome of Defendants' partial motion to dismiss.

Finally, the Clerk of Court is respectfully directed to terminate the pending letter motions at ECF Nos. 156, 157.

**SO ORDERED.**

DATED:   White Plains, New York
         April 26, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge