UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

Nicole Richards,

                              Plaintiff,

          -against-

Thomas C. Kallish, et al.,

                              Defendants.

-------------------------------------------------------------------

22-cv-9095-CS-VR

**<u>OPINION & ORDER</u>**

**VICTORIA REZNIK, United States Magistrate Judge:**

                              **I.**      **BACKGROUND**

By letter motion, Plaintiff moves "to enforce the Court's order of July 10, 2024, in which Defendants were directed 'to produce the underlying financial documents that were provided to their accountant to prepare and file their annual tax returns.'" (ECF No. 179 at 1 (quoting ECF 07/10/2024 Minute Entry)).[1] She asks that the Court order Everyone's Earth "to provide access to the data in QuickBooks (by inspection or export) to which Defendants now represent to the Court that Everyone's Earth provided to its accountant for preparation of its tax returns." (*Id.*). She argues that there are "129 published opinions in the Southern District that reference the term 'QuickBooks' [that] show that the data stored within QuickBooks, unless a specific objection applies, is standard ESI [electronically stored information] that must be produced, either through inspection or by exporting." (*Id.*). She asserts that, in response to the Court's July 10, 2024, order, Defendants produced balance sheets for the years of 2019 to 2023 that appeared to have been in Defendants' accountant's possession. (*Id.*). She states that the "balance sheets include

---

[1] All page numbers to documents filed on ECF refer to the pagination generated by ECF on the top right corner of a given page.

1

questionable activity in 2022 and 2023 under a mysterious category, 'Start-Up Expenses' (8 years after starting the company), showing a purported expenditure of nearly the entire $5.4 million in cash raised by Defendants." (*Id.*). Finally, Plaintiff "seeks the financial data for 2020/2021, when Defendants' sister entity took and had forgiven a COVID PPP loan." (*Id.*).

Defendants oppose Plaintiff's letter motion. (ECF No. 182). They argue that there are no QuickBooks records that have not already been produced. (*Id.* at 2). They explain that "the only data provided to prepare the [tax] returns was the log-in credentials for QuickBooks," which the accountant then used to generate balance sheets that formed the basis of the returns. (*Id.* at 2, 2 n.1; *see* ECF No. 178-1 at 2). They assert that those balance sheets have been produced. (ECF No. 182 at 2). They argue that Plaintiff has not demonstrated the relevance of the information she now seeks. (*Id.* at 2–3). Defendants also argue that Plaintiff's letter motion is the product of sanctionable conduct under Rule 11 of the Federal Rules of Civil Procedure. (*Id.* at 1). They explain that "Plaintiff's counsel made a number of misrepresentations regarding Defendants' discovery production," had previously filed a letter motion without meeting and conferring with Defendants' counsel, and had requested production of documents that had already been produced. (*Id.*).

## II.   DISCUSSION

Plaintiffs' request that the Court enforce the July 10, 2024, order, directing Defendants "to produce the underlying financial documents that were provided to their accountant to prepare and file their annual tax returns," is **GRANTED in part**. According to Defendants, the accountant was provided with log-in credentials for QuickBooks, which was then used to generate balance sheets. (*See* ECF Nos. 178-1 at 2; 182 at 2 n.1). To the extent the accountant relied upon any other financial data within QuickBooks to prepare the tax returns, the Court's

previous order contemplated that such data would be produced. Defendants are therefore directed to contact the accountant and verify whether any other financial data from QuickBooks was used by the accountant to prepare and file the tax returns for the years 2019 to 2022 and, if so, to produce it. Defendants are directed to submit a letter, by no later than **September 13, 2024**, confirming compliance with this order.

But Plaintiffs' requests that the Court order Defendants to "provide access to the data in QuickBooks (by inspection or export)" and to provide "financial data for 2020/2021, when Defendants' sister entity took and had forgiven a COVID PPP loan" (ECF No. 179 at 1), are **DENIED**. Although Plaintiff argues that there are "129 published opinions in the Southern District that reference the term 'QuickBooks' [that] show that the data stored within QuickBooks . . . is standard ESI that must be produced," Plaintiff does not offer even one citation in support. (*See id.*). As explained below, although data stored within QuickBooks is ESI, Plaintiff is not necessarily entitled to this discovery.

Under Rule 34(a), "[a] party may serve on any other party a request within the scope of Rule 26(b)" of the Federal Rules of Civil Procedure "to produce and permit the requesting party . . . to inspect . . . any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A). Thus, a discovery request for ESI under Rule 34 is limited by Rule 26(b). *See Aviles v. S&P Glob., Inc.*, No. 17-cv-2987, 2021 WL 2077932, at *4 (S.D.N.Y. May 24, 2021) ("Rule 26(b) therefore cabins the information that can be obtained through Rule 34(a) to information that is relevant to the claims and defenses in the case and that is otherwise proportional to the needs of the case."). Under Rule 26(b), the scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

3

Here, Plaintiff's request for certain financial data generated by QuickBooks regarding Defendants' investments and revenue arguably may be relevant to her fiduciary duty claim. But the Court finds that Plaintiff has already received the data she requested and has not identified what other relevant data she needs. *Precision Med. Grp., LLC v. Blue Matter, LLC*, No. 20-cv-2974, 2020 WL 7352509, at *1 (S.D.N.Y. Dec. 15, 2020) ("The party seeking discovery bears the burden to demonstrate relevance, after a showing of which it is up to the responding party to justify curtailing discovery.") (internal quotation marks omitted). And, considering the discovery she has already received, her request for unfettered access to Defendants' entire QuickBooks data is not proportional to the needs of the case. *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("[A]s in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way."); *Williams v. N.Y.C. Bd. of Elections*, No. 23-cv-5460, 2024 WL 3567395, at *4 (S.D.N.Y. July 29, 2024) (limiting discovery where requests were "'unreasonably cumulative or duplicative' and not proportional to the needs of this case given the discovery that already has been produced"); *United States v. Anthem, Inc.*, No. 20-cv-2593, 2024 WL 1116276, at *3 (S.D.N.Y. Mar. 13, 2024) ("Under Rule 26(b), the Court may deny discovery of relevant information if it is not proportional to the needs of the case.").

Plaintiff's sole claim for damages is based on her theory that Defendant Kallish breached a fiduciary duty he owed to her by failing to issue her "founders shares" in Everyone's Earth in exchange for work she performed on certain patents. (*See* ECF No. 150 at ¶¶ 104–09). In Plaintiff's June 7, 2024, letter motion, Plaintiff asserted that she needed Defendants' QuickBooks-generated balance sheets to determine Everyone's Earth's investments and the revenue it generated. (ECF Nos. 174 at 1–2; 174-1 at 1). After oral argument, the Court denied

4

the request in part because Defendants claimed that no such balance sheets existed but ordered Defendants to produce the documents the accountant used to prepare and file Everyone's Earth's tax returns. (*See* ECF 07/10/2024 Minute Entry). In response to the Court's order, Defendants determined that the accountant did in fact generate balance sheets in QuickBooks and then used them to prepare the tax returns. (ECF No. 178-1 at 2). Defendants explain that they have now produced these QuickBooks-generated balance sheets. (*See* ECF Nos. 178-1 at 2; 182 at 2). Separately, the Court previously ordered production of Everyone's Earth's capitalization table, which shows the capital Everyone's Earth raised and the purchase price for all issued shares. (ECF No. 95). Defendants produced an updated copy of the capitalization table in June 2024. (*See* ECF No. 182-1 at 2). Thus, it appears that Plaintiff already has the documents she needs (and that she previously requested) to evaluate Everyone's Earth's investments and the revenue it generated.

      Plaintiff does not explain what relevant, additional information she hopes to learn from more QuickBooks data. Plaintiff argues that the QuickBooks-generated balance sheets contain a "mysterious category, 'Start-Up Expenses' (8 years after starting the company)," which shows an expenditure of $5.4 million. (ECF No. 179 at 1). Even assuming such data is relevant, it appears that the parties have not meaningfully conferred about what might make up this category of expenses and whether there is other information Defendants could produce to explain it, short of producing all their underlying QuickBooks data. For that reason, the Court directs the parties to confer and report back by joint letter on **September 13, 2024**.

      Separately, Plaintiff requests "financial data for 2020/2021, when Defendants' sister entity took and had forgiven a COVID PPP loan" (*id.*), but she does not explain its relevance. At most, she offers that this information is relevant "to determine if Everyone's Earth applied for

COVID benefits based on false information." (*Id.*). But despite bearing the burden to show relevance, she fails to explain how information about Defendants' COVID benefits is relevant to her claims. *See Precision Med. Grp., LLC*, 2020 WL 7352509, at *1.

Finally, the Court declines to entertain a sanctions motion under Rule 11 of the Federal Rules of Civil Procedure. *See Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) ("[T]he decision whether to impose a sanction for a Rule 11(b) violation is committed to the district court's discretion.") (alterations and internal quotation marks omitted). But Plaintiff's counsel is reminded that under the Court's Individual Practices, any party wishing to raise a discovery dispute with the Court must first meet and confer in good faith with the opposing party. Future failures to comply with this directive may result in immediate denial of the request or sanctions. Further, before contacting opposing counsel to request production of a particular item, Plaintiff's counsel is directed to review the materials she has already received to verify that it has not already been produced to her.

### III.   CONCLUSION

For the above reasons, Plaintiff's request to enforce the July 10, 2024, order is **GRANTED in part**. Defendants are directed to contact the accountant and verify whether any other financial data from QuickBooks was used by the accountant to prepare and file the tax returns for the years 2019 to 2022 and, if so, to produce it. The parties are also directed to confer about what, if any, additional documents exist (short of producing all underlying QuickBooks data) to support the "Start-Up Expenses" identified in the balance sheets produced by Defendants, and to report back to the Court by joint letter. But Plaintiff's requests for unlimited access to QuickBooks data and for information about Defendants' sister entity's COVID PPP loan are **DENIED**. Finally, the Court declines to entertain a Rule 11 sanctions motion.

The Clerk of Court is respectfully directed to terminate the pending letter motions at ECF Nos. 174,[2] 179, and 182.

**SO ORDERED.**

DATED:   White Plains, New York
         August 27, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge

---

[2] The Court resolved the letter motion at ECF No. 174 at the July 10, 2024, status conference. (*See* ECF 07/10/2024 Minute Entry).