**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| NICOLE RICHARDS, | Case No.: 7:22-cv-09095 (CS) |
| Plaintiff, | |
| v. | |
| THOMAS C. KALLISH, EVERYONE'S EARTH, INC. | May 27, 2025 |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO AMEND ANSWER TO ADD AFFIRMATIVE DEFENSE**

**PRELIMINARY STATEMENT**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Defendants Thomas C. Kallish ("Mr. Kallish") and Everyone's Earth, Inc. ("Everyone's Earth," or the "Company," and collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to amend[1] their Answer (ECF No. 137) to add an affirmative defense that the statute of limitations has run on Plaintiff's only remaining claim. This defense was not ascertainable from the face of Plaintiff's Second Amended Complaint (ECF No. 150) and became apparent only through the conclusion of discovery, at which point Defendants were able to confirm that Plaintiff would assert no further evidence regarding when her alleged claim became known. For reasons detailed more

---

[1]     Defendants have not filed a pre-motion letter seeking leave to amend and instead respectfully request that this Court "construe the motion for summary judgment as a motion to amend the defendant's answer," as provided for by Second Circuit authority. *E.g.*, *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003).

fully below, Plaintiff will suffer no prejudice as a result of the amendment and the interests of justice weigh in favor of the amendment being permitted. As such, Defendants' motion to amend should be granted.

## RELEVANT BACKGROUND

The underlying facts and procedural history of this case have been recited throughout various motions and pleadings previously filed in this matter. *See e.g.*, Defendants' Local Rule 56.1 Statement of Material Facts, attached to Defendants' Motion for Summary Judgment (ECF No. 208-2). At this stage, all that remains of Plaintiff's original action is Count Four (breach of fiduciary duty), which is subject to Defendants' currently pending motion for summary judgment filed on April 10, 2025. *See* ECF No. 208 (hereafter "Defendants' MSJ"). Plaintiff's breach of fiduciary duty claim is predicated on Plaintiff's assertion that she was a part owner of Everyone's Earth, when in actuality she held options to purchase equity—options she neglected to exercise before departing the Company.

Through discovery, Defendants learned that Plaintiff's claim accrued on or about June 7, 2017, when she executed her first options agreement. It was only through discovery that Defendants obtained sufficient facts to determine the scope and parameters for the accrual of Plaintiff's claim. The statute of limitations defense, therefore, could only have been asserted after Defendants' initial Answer to the First Amended Complaint (ECF No. 137).[2] After the close of discovery, the argument was properly raised within Defendants' next dispositive pleading,

---

[2]     Regarding the procedural record of this case, it should be noted that after Defendants filed a pre-motion request to dismiss Count One of the First Amended Complaint for lack of standing, the Court granted Plaintiff permission to file the Second Amended Complaint (ECF No. 150) to add facts supporting a finding of standing. Defendants then filed their motion to dismiss, thereby obviating the need to file a new Answer, and the parties substantially completed discovery while the motion to dismiss remained pending, until it was eventually granted on December 12, 2024.

Defendants' MSJ. Defendants now ask this court for leave to amend their initial Answer to add this affirmative defense so that Defendants' responsive pleading accurately reflects the scope of this dispute.

## LEGAL STANDARD

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(1). "District courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of N.Y.*, 210 F.3d 79, 87 (2d Cir. 2000). Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Second Circuit "review[s] the district court's decision to grant a party leave to amend for abuse of discretion." *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000).

## ARGUMENT

### I.    Justice Weighs In Favor of Amendment, Even if the Affirmative Defense is First Raised at Summary Judgment

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This liberal amendment policy of Rule 15 allows courts to permit the assertion of an affirmative defense even if the defense was not pleaded initially. *See e.g., Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (finding defendant did not waive statute of limitations affirmative defense and stating, "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). The Second Circuit has routinely applied this liberal standard in granting motions to amend even at and beyond the summary judgment stage. *See Saks*, 316 F.3d at 350 ("[A] district

3

court may still entertain affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings."); *see also Rose v. AmSouth Bank of Fla*., 391 F.3d 63, 65 (2d Cir. 2004) (finding no abuse of discretion in District Court's consideration of affirmative defense first asserted at summary judgment). "Absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co*., 404 F.3d 566, 603 (2d Cir. 2005). In such circumstances, "the district court may construe the motion for summary judgment as a motion to amend the defendant's answer." *Saks*, 316 F.3d at 350–51.

As further detailed below, because Plaintiff would not be prejudiced and because Defendants did not act in bad faith, justice weighs in favor of consideration of Defendants' statute of limitations defense.

## II.    Defendants Did Not Act in Bad Faith or Cause Undue Delay

The Plaintiff's Second Amended Complaint does not explain when, exactly, she believed she received founder's shares in Everyone Earth, how many shares she alleges she received, or on what timeframe she expected such shares to be issued.  In her deposition, the Plaintiff testified that when she and Mr. Kallish first met with patent counsel Edward Ellis (in 2015), she "thought [she] already had shares."  *See* Defendants' MSJ Ex. D, Tr. at 77:22-23, ECF No. 208-6.  Defendants also learned through discovery that the Plaintiff did not possess any documentary or other evidence of the alleged promise by Mr. Kallish, except for the two phone calls that she surreptitiously recorded in February and March 2022.  *See id.* Tr. at 80:18-25, 81:1.  The theory underlying Plaintiff's breach of fiduciary duty claim therefore did not become fully clear until the close of discovery when deposition testimony revealed the full extent of Plaintiff's understanding of her

asserted rights.  For this reason, Defendants were not otherwise able to ascertain when her alleged claim accrued for the purposes of determining when the statute of limitations began to run. While this necessarily resulted in a delay in asserting the affirmative defense, "delay . . . does not, without more, constitute undue prejudice." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). Indeed, "mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Islam v. Melisa*, No. 18-CV-2535 (KAM) (LB), 2020 WL 1452463, at *6 (E.D.N.Y. Mar. 24, 2020) (quoting *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

Plaintiff cannot demonstrate any bad faith on the part of Defendants here. On the contrary, Plaintiff had ample opportunity to produce any further evidence that would have prevented Defendants from asserting a statute of limitations defense. There are no relevant facts that would shift the analysis because Defendants did not withhold any information from Plaintiff germane to their statute of limitations defense. Defendants' raising of this defense is reactionary – it has been borne from the evidence (and lack thereof) that Plaintiff herself put forth. In this context Plaintiff cannot show Defendants acted in bad faith.

### III.    Plaintiff Will Not Be Prejudiced

The central question in considering whether an amendment should be allowed is whether the nonmoving party would suffer prejudice. *See State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (finding denial of leave to amend was abuse of discretion because mere delay, without showing of prejudice, was not enough); *see also AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725–26 (2d Cir. 2010) ("We have referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend."). "In determining what constitutes 'prejudice,' we consider whether the

assertion of the new [defense] would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350.

None of the three requisite factors is present here. There is no additional discovery needed here as it was Plaintiff who put into the record the relevant date upon which she allegedly understood she was already an existing shareholder of Everyone's Earth, and who was asked, during her deposition, to identify all sources of evidence to corroborate her understanding. No additional resources would be required by either party as further discovery on this point is unnecessary. Second, there will be no delay as Plaintiff has already asserted substantive arguments in opposition to the defense. (ECF. No. 214, at p.27). No further delay is implicated as the parties' statute of limitations arguments are, as of today, fully briefed. Lastly, amendment to add this defense does not affect Plaintiff's ability to bring a timely action in another jurisdiction. Plaintiff has already acknowledged that New York law governs when her claim accrued, and New York's statute of limitations would therefore apply in any event. *See Walter E. Heller & Co. v. Video Innovations, Inc.*, 730 F.2d 50, 52 (2d Cir. 1984) ("[T]he parties to litigation may consent by their conduct to the law to be applied.").

Moreover, the relevant consideration is when she allegedly learned of her true status as an options holder—not a shareholder. This timestamp has always been known to Plaintiff, thus Defendants' asserted defense does not "unfairly surprise" or otherwise "impede the fair prosecution" of her claim. *E.g.*, *Monahan*, 214 F.3d at 284 (upholding grant of leave to amend to add affirmative defense, stating the "fact that plaintiff had the information giving rise to the defense weighs against argument that plaintiff was prejudiced by the delay.") (*citing Han v. Mobil Oil*

*Corp.*, 73 F.3d 872, 877–78 (9th Cir. 1995)).

For these reasons, Plaintiff is not prejudiced and leave should be "freely given" to Defendants to amend their Answer to include the affirmative defense that the statute of limitations has run on Plaintiff's breach of fiduciary duty claim.

## CONCLUSION

Wherefore, Defendants respectfully ask this Court to grant leave to amend their Answer to add the affirmative defense that the statute of limitations has run on Plaintiff's sole remaining claim.

Respectfully submitted,

By: */s/ Leslie A. Cahill*
Joseph W. Martini
Leslie A. Cahill (*pro hac vice*)
SPEARS MANNING & MARTINI LLC
2425 Post Road, Suite 203
Southport, CT  06890
Telephone: (203) 292-9766
Facsimile: (203) 292-9682
Email:  jmartini@spearsmanning.com
Email:  lcahill@spearsmanning.com

7

## CERTIFICATION

I hereby certify that on May 27, 2025, a copy of the foregoing was filed electronically and served via electronic and/or First Class mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By:    */s/ Leslie A. Cahill*
       Leslie A. Cahill

8