**SPEARS**
**MANNING**
**MARTINI**

*VIA ECF*                                                June 16, 2026

The Honorable Cathy Seibel
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150
chambersnysdseibel@nysd.uscourts.gov

**Re:**    *Richards v. Kallish et al*, **Civil Case No. 7:22-cv-09095-CS**
          **Defendants' Reply to Plaintiff's Letter Motion for Leave to Amend Joint Pretrial**
          **Order at ECF 271.**

Dear Judge Seibel:

Defendants Thomas Kallish and Everyone's Earth, respectfully write in reply to the Plaintiff's letter motion for leave to amend the Joint Pretrial Order to include two proposed trial exhibits. Although Defendants have no objection to Plaintiff's request to amend the pretrial order to add exhibits, subject to any objections Defendants may have at the time the Plaintiff seeks their admission at trial, Defendants respectfully submit the following to clarify for the Court certain assertions made by the Plaintiff, including that the proposed trial exhibits are newly discovered evidence. As set forth below, these documents are not "newly discovered evidence" – the October 27, 2016 Assignment was produced in discovery and the Plaintiff was aware of the December 2016 assignment in real time, having received a "cc" of this document sent from Jessica Butchko to Tom Kallish.  Exhibit 1.

First, the "Assignment Agreement from Mr. Kallish to Everyone's Earth dated October 27, 2016, pursuant to which he assigned his purported inventorship rights to the company," was produced to the Plaintiff on June 15, 2023. This production was entitled "KALL_003.pdf," and was sent via email as a link to a Citrix attachment. The production included Bates Stamped range KALL0000827 – 1754. Exhibit 2 (email and document). The October 27, 2016 Assignment itself was Bates Stamped KALL0001477-1480. Ex. 2. Further review revealed that not only did Defendants produce this document, but that the Plaintiff was aware of it and produced to Defendants an unsigned version of the *same* assignment. See Exhibit 3.[1] Upon information and belief, this document was part of Plaintiff's production PLAINTIFF-001 and is Bates Stamped PLAINTIFF-00000387-390. And, in this same section of production, the document that immediately follows is the hotly contested "terrorized email," which is Bates Stamped PLAINTIFF-00000391. Ex. 3.

Next, any claim that the existence of the "Assignment Agreement by which Everyone's Earth assigned Plaintiff's patent to Defendant Kallish personally on December 22, 2016," was

---

[1] Exhibit 3 will be sent at a courtesy copy only, so as not to run afoul of Judge Reznick's Order at ECF 132.

inadvertently discovered for the first time on June 12, 2026 on the patent website mere days before trial can quickly be dispelled by the fact that the Plaintiff herself was copied on an email entitled in relevant part "Recorded Patents Assignment to Thomas C. Kallish," which included as an attachment  this very assignment. And in fact, this document was part of a hotly contested discovery dispute between the parties concerning attorney-client privileged documents. The assignment at issue was classified as privileged because it was an attachment to parent privileged communication between patent counsel and their client, Everyone's Earth. First, this document was listed on a privilege log titled "2023.07.06 Kallish privilege log served" as PRIV-0000968. Plaintiff filed a motion to compel Defendants to produce 295 entries on their privilege log (ECF 106), which was DENIED, without prejudice to renewal following Plaintiff's review of Defendants' September 18, 2023, document production. ECF 108.

As a result of this dispute, Magistrate Judge Reznick reviewed the matter, and determined that the attorney- client communications were privileged such that Defendants did not have to produce them and this was not waived by the fact that Plaintiff or others were copied on the email. On the other hand, the Defendants were not permitted to "limit Plaintiff's use of communications involving patent counsel that were intentionally disclosed to her outside this litigation." ECF 132. Judge Reznick instructed Plaintiff, however, that "use of her privileged communications with patent counsel must be limited to this litigation only and may not be disclosed publicly on the docket." Id. In short, the Plaintiff has had the "smoking gun" all along because she was copied on the privileged communication, which included an attachment to this very assignment.[2] Moreover, the parties specifically litigated this limited issue and the court made a determination in the matter. Furthermore, the aforementioned "terrorized email," which Plaintiff has submitted into evidence and discussed with Your Honor at the Final Pretrial hearing, is part and parcel of the same issue because this email also included patent counsel and was actually sent on the same date, October 27, 2016. See PX-27; Exhibit 3.

Thus, while Plaintiff attempts to distort the events of this litigation to sound in concealment and fraud, it is simply not plausible to claim in good faith that there has been concealment, if that same person was copied and privy to the same document that they alleged was concealed from them. And in fact, the record demonstrates and supports quite the opposite. Even if Plaintiff was unaware that she was in possession of this document, it certainly could have reasonably been discovered by reviewing the privileged emails in her possession, which she clearly had access to demonstrated by the "terrorized email" sent the very same day – or perhaps querying *why* it would not have been produced by looking to the record and through discovery, as Defendant did, taking precious hours away from trial preparation.

Regarding the testimony of Victor Rouse, the Defendants prefer that he testify live. Pursuant to 43(a) of FRCP, there is a strong preference for in person testimony so as to provide for opportunity for live cross examination and observing the demeanor of the witness. Notwithstanding this, Defendants conveyed to Plaintiff's counsel when this issue arose that they would be open to a stipulation, as suggested by the Court.  For some reason, Plaintiff's counsel did not include this offer to stipulate in their letter.

---

[2] The Assignment and allegations will be addressed in more detail in a response to the Plaintiff's Memorandum, ECF 272.

Respectfully requested,

*/s/ Joseph W. Martini*
Joseph W. Martini
Armel L. Jacobs (*pro hac vice*)
Johnna M. Wallace (*pro hac vice*)

*Attorneys for Defendants Thomas C. Kallish
and Everyone's Earth*

cc:  Claudia Pollak, Esq.
    Ian Brandt, Esq.