**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NICOLE RICHARDS,

        Plaintiff,

    v.                               CIVIL CASE NO.  7:22cv09095 (CS)

THOMAS C. KALLISH, and
EVERYONE'S EARTH INC.,

        Defendants.               June 16, 2026

---

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE (ECF 272)

The shifting sands of Plaintiff's case have once again taken new shape on the eve of trial. This time, instead of presenting shifting theories of recovery, Plaintiff offers a new take on the nature of her sole surviving claim. Specifically, after litigating a breach of fiduciary duty claim grounded in contract for several years, Plaintiff now asserts that the breach at issue in this case derives from fraud. This Court should not allow this brazen 180 for several reasons. First, Plaintiff's Motion in Limine (ECF 272, hereafter "Motion") is in large part procedurally improper, as much of it functions as an unsanctioned motion for relief sought without leave. Second, contrary to Plaintiff's false representations, the documents upon which Plaintiff's Motion relies were long ago disclosed.  Lastly, Plaintiff's claim indisputably sounds in contract, and any argument to the contrary has been waived. For these and the further reasons stated below, this Court should deny Plaintiff's requested relief regarding punitive damages, and either deny or disregard the improper remainder.

- 1 -

## I.    Plaintiff's Motion is Improper

It should be noted at the outset that, outside of the Plaintiff's requested relief regarding punitive damages, this Motion is procedurally improper. At the pretrial conference on June 11, 2026 (the "Pretrial"), the Court permitted Defendants to submit a letter directing the Court's attention to cases that impose the general harm requirement in cases of breach of fiduciary duties that have their genesis in contract. Tr. at 104:3-5; *see also* 105:19(requiring response by Monday morning). In response to Defendants' three-page letter, Plaintiff filed a sixteen-page responsive motion in limine that, two days from trial, recasts their promissory breach of fiduciary duty claim as one sounding in fraud, raising multiple new issues and seeks entry of additional exhibits.

## II.   The "Newly Discovered" Evidence Were Produced and Litigated in Discovery

The factual predicates for Plaintiff's proposition that the promissory claim they have been litigating for several years is suddenly one of fraud, are two patent assignments (ECF 271-1 "First Assignment" and 271-2 "Second Assignment "). For the reasons detailed in Defendants' Letter Response earlier filed today (ECF 275), the representation that these documents are "newly discovered" is entirely false. The First Assignment was produced on 6/15/2023 as KAL0001478-KAL001480.  ECF 275-2. (production email and document).  The Second Assignment was not only identified on the privilege log, which was produced on April 23, 2023, it was in a category of privileged documents that were significantly objected to and litigated before Magistrate Judge Reznick. *See* ECF 132. The basis of the privilege objection was that *plaintiff was herself cc'd on the communications*. *Id.*  Judge Reznick expressly held that, while there was no waiver—meaning Defendants had no obligation to turn it over—there was nothing preventing Plaintiff from using the documents.  *Id.* ("Although Plaintiff's communications with patent counsel are privileged and not subject to waiver, this does not mean that Everyone's Earth can invoke that privilege to prohibit

Plaintiff from relying on and using those materials here."). On this record, in which Plaintiff had a datestamped log of such communications (such that all she had to do was check her own emails for the relevant assignments), it cannot be seriously maintained that the documents were either "newly discovered" or concealed in any manner, much less fraudulently. Defendants cannot conceal assignments that were sent to Plaintiff for her "notarization," despite her intention to request the jury believe she was provided them for her "terrorization". Ex. 3 to ECF 275 ( showing "draft assignment" attachment)(provided to chambers as courtesy copy).

### III.    Plaintiff's Breach of Fiduciary Duty Claim Sounds in Contract, Not Fraud

The Motion argues "Defendants' effort to characterize this case as merely one 'sounding in contract' in fundamentally flawed." ECF 272 at 1. Yet, it is Plaintiff's fulsome record of tying her claim to Defendants' alleged promise that signals the contractual foundation for her claim. In fact, when Plaintiff's counsel raised the issue that the six-year fraud-based statute of limitations could apply for the first time at the Pretrial, the Court first rejected the notion on these grounds:

> THE COURT: What was the misrepresentation beyond 'I
> am going to give you shares'  and then failing to do so?
>
> MR. BRANDT: Right. In that he induced plaintiff to
> work for her on grounds that she would get the founder's shares.
>
> THE COURT: That's the breach of contract. That would
> be a breach of contract if there were a contract or a breach of
> fiduciary duty, but for it to be a fraud, that has to be something more than,
> I promised to pay you to paint my house, and then I didn't pay you.

Tr. 06/11/2026 at 101:13-21; *see also Matter of Part 60 Put-Back Litig.,* 36 N.Y.3d 342, 360 (2020)("A cause of action based on the failure to deliver an item of a bargained-for quality sounds purely in breach of contract."). The Court later observed, "But,  you know, if there is something

that takes this out of simple 'I didn't do what –I didn't did [sic] what I promised to do' and into

fraud, maybe there will be room for that kind of instruction" Tr. 06/11/2026 102:14-17.  Lo and

behold, "newly discovered" evidence appears shortly thereafter. But this evidence—which was

not disclosed for use at trial despite being produced or highlighted as within Plaintiff's

possession—merely provides new dressing for a claim Plaintiff has long articulated as promise-

based. The record confirms this. In advance of summary judgment, Plaintiff opposed Defendants'

premotion letter motion and articulated her claim as follows:

> Here, Mr. Kallish acted as a corporate promoter and co-founder, and as a result, he owed
> fiduciary duties to Ms. Richards. She relied on his repeated promises of equity, contributed
> significant value to the company, and was entitled to receive the founder's shares that were
> promised to her. Defendants cannot escape their fiduciary obligations by issuing stock
> options years later (which Mr. Kallish refused to exercise) and claiming that was the
> agreement. The central question—whether Defendants reneged on their promise of
> founder's shares—is a material factual dispute that must be decided at trial. ECF 204 at 2.

Thus, in Plaintiff's view, Mr. Kallish's "repeated promises of equity" created an inescapable

fiduciary obligation, and resolving this "central" question of the "reneged" promise is paramount.

*Id.* After characterizing her claim in this manner, somehow now "the evidence in this case is not

indicative of contractual disagreement, but rather, shows a fiduciary's use of his position of trust

and concealment to misappropriate Plaintiff's patents—the very hallmark of fraud." Motion at 1.

Plaintiff's Opposition to the Motion for Summary Judgment underscores that the genesis

of the claim is contractual, arguing "Plaintiff clearly demonstrates a breach of fiduciary duty by

Defendants for failing to grant her the 'founder's shares' she was promised in exchange for her

unpaid work on the biodegradable diaper project and the assignment of her two related patents."

ECF 214 at 19. This depiction was described in the Court's Summary Judgment decision as

"Plaintiff's clearest articulation of her theory of breach." Tr. 03/15/2026 at 29. The Court

continued, drawing directly from Plaintiff's allegations, saying "And in her second amended

complaint, Plaintiff states that "among other acts and omissions, Kallish…failed to make Plaintiff a stockholder of…Everyone's Earth, which was formed by Kallish to exploit Plaintiff's intellectual property for their mutual benefit, thereby irreparably harming Plaintiff." *Id*. (quoting the Corrected Second Amended Complaint, ECF 150, ¶ 108).

Plaintiff's eve-of-trial posturing does not alter the "central" and only remaining question she has insisted for over a year must be decided by the jury: did Mr. Kallish promise equity that he did not deliver. Having beat the constant steady drum that Defendants breached fiduciary duty by failing to deliver the promised shares, Plaintiff cannot reverse herself now that these allegations present challenges at trial. That is particularly true where, as here, the posture is based on documents she claims to have only just discovered, but that in reality have actually been in her possession for nearly a decade. *See Trireme Energy Holdings, Inc. v. RWE Renewables Americas, LLC*, 757 F. Supp. 3d 445, 482 (S.D.N.Y. 2024)("The production of these documents in discovery and their receipt by counsel are sufficient to charge Plaintiffs with notice.").

## IV. The Fraud-Based Six Year Statute of Limitations is Not Available

### a. Fraud Requires More Than an Undelivered Promise

As observed by the Court at the Pretrial, an unkept promise does not rise to the level of fraud for the purposes of determining applicable statute of limitations. The six-year fraud period applies only where "an allegation of fraud is essential to a breach of fiduciary duty claim" *IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 N.Y.3d 132, 139 (2009). New York's highest court has held that "to conclude that [a plaintiff's] breach of fiduciary duty" is "essentially a fraud action and therefore governed by a six-year statute of limitations," it would "have to discern a claim that [plaintiff] acted in 'justifiable reliance' on [defendant's] alleged misrepresentation or material omission." *Id*. The Court has already squarely taken up this issue

on the facts of this case and, even in the light most favorable to Plaintiff, has found them wanting. Tr. 01/18/2024 (dismissing fraud based count, holding "common sense dictates that these are things she must have also known at the time of the events in question, as she is the one who, by her account, did the work, and she must have known that Kallish did not help her with it.").

Despite this ruling from over two years ago, Plaintiff now dedicates several pages of her unsanctioned motion in limine arguing that "Kallish's use of claimed inventorship rights, and plaintiff's reliance upon those claims, to pressure Plaintiff into assigning patents that she otherwise solely owned." Motion, at 6.  But the Court's reasoning at the Motion to Dismiss stage is still true here—she cannot claim the wool was pulled over her eyes while simultaneously arguing she is the sole inventor. Plaintiff hinges her argument on the "newly discovered Assignment Agreement," which, in Plaintiff's view "confirms that [her] breach of fiduciary duty claim sounds in fraud" because "Kallish repeatedly represented that she would be a founder and owner of the company that would hold and exploit her patent rights" Motion at 9. Yet, the record reveals that she was herself on the emails that conveyed the assignments. There is no misrepresentation here that can support Plaintiff's post-hoc attempt to use the inventorship dispute as one that converts her contract-based claim to one for fraud.

b.  The Plaintiff Waived this Argument

Even if this Court accepted Plaintiff's view, the record shows she knew everything she needed to know to assert the six-year limitations period well before it was mentioned for the first time at the Pretrial, just days away from opening statements. As detailed above, Plaintiff was cc'd on the relevant communications in 2016, and the documents were either produced in discovery or the subject of considerable litigation in discovery. Knowing of their existence, and having no

- 6 -

barrier to consider them as they sought leave to amend twice, Plaintiff declined to assert this theory in opposition to Defendants' Motion for Summary Judgment (filed over a year ago), which expressly maintained the three year statute of limitations applied. Plaintiff declined to oppose Plaintiff's Motion for Leave to Amend to add the three-year statute of limitations defense, declined to state it in the Pretrial Order, or any of its pretrial submissions. Because the "newly discovered" assignments are not in fact newly discovered, there is nothing to explain their failure to assert this argument but a lack of diligence, this Court should deem the competing statute of limitations period waived or forfeited as a matter of law.  If Plaintiff wanted to assert her right to a fraud-based statute of limitations, she should have corrected deficiencies in her pleading after she was first given notice of it several years ago. This Court need not entertain Plaintiff's request for another bite at the fraud apple now on the eve of trial. *See* Tr. 01/18/2024 ("Simply put, a busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.").

This Court is under no obligation to entertain this late-asserted theory, which—even as just a request—has significantly prejudiced Defendants by forcing them to spend significant time responding instead of preparing for a trial that begins tomorrow. Indeed, doing so based on documents that on the eve of trial were falsely characterized as "newly discovered" despite being possessed by Plaintiff all along is both patently unreasonable and likely sanctionable. *See* 28 U.S.C.A. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *see also  Keller v. Mobil Corp.,* 55 F.3d 94, 99 (2d Cir. 1995)("[A]ctions are sanctionable under § 1927 only if they are so completely

without merit as to require the conclusion that they must have been undertaken for some improper purpose…[.]")(internal quotations omitted).

## V.    Punitive Damages are Unavailable on this Record as a Matter of Law and the "Newly Discovered" Documents Do Not Change That

Plaintiff's late styling of the breach of fiduciary duty claim as one sounding in fraud does not change the fact that the parties' dispute has a genesis in contract. To recover punitive damages, Plaintiff must meet her burden on four elements: (1) defendant's conduct must be actionable as an independent tort; (2) the conduct must be egregious; (3) the egregious conduct must be directed to plaintiff and (4) it must be a pattern of conduct directed at the public generally. *Matter of Part 60 Put-Back Litig.,* 36 N.Y.3d 342, 360 (2020). New York courts, and federal courts interpreting the issue under New York law, routinely observe "[w]here a party is merely seeking to enforce its bargain, a tort claim will not lie." *Id*. There is no piece of evidence, late discovered or not, that can convert Plaintiff's claim as filed and as litigated into one that has a genesis in anything other than the alleged "central" promise to deliver equity in Everyone's Earth.

Plaintiff's proffered case, *Hall*, a shareholder derivative action, is distinguishable. First, the derivative nature that case allowed the *Hall* plaintiff to assert a breach of fiduciary duty the defendant held to the company. That is not the case here, where the sole-surviving claim is a private dispute over the value of shares. Further, in *Hall*, the Plaintiff developed a full trial record of facts in support of justifiable reliance on a misrepresentation upon which the breach could be based, including an illegal security offering that allegedly harmed a public investor class. That is not so here in this private dispute about shares allegedly promised to plaintiff, where the factual record on misrepresentation is so thin that the Court found it was not plausible as a matter of law.  In its motion to dismiss ruling, this Court expressly rejected the notion that Plaintiff could have justifiably relied on Defendants' conduct with regard to the intellectual

property in this case. *See* Tr. 01/18/2024 at 19 ("As the sole inventor of the Patents, she plainly would have known that any representations by anyone else as to inventorship were false, and 'where a party has reason to know a statement is false, there can be no reasonable reliance as a matter of law.")(quoting *Goureau v. Lemonis,* 2021 WL 3931897, at \*4 (S.D.N.Y. July 14, 2015).  In addition, this Court has already rejected any fiduciary duty stemming from reasonable reliance on any representation outside of his alleged promise to provide shares.  *See* Tr. 01/18/2024 at 28 ("Accordingly, the breach of fiduciary duty claim survives to the extent it's based on Kallish's status as a promoter of Everyone's Earth, and it's dismissed to the extent it is based on a theory that Plaintiff's business relationship with Kallish rose to the level of a special relationship supporting a fiduciary duty."). No such finding was ever made in *Hall*. Simply put, Mr. Hall's position had support in the record. Ms. Richard's does not.  This case is more akin to *Part 60.* 36 N.Y.3d 342 at 361 ("General allegations that [a] defendant entered into a contract while lacking the intent to perform it are insufficient to support a claim for fraud.").

### VI.    The Court Should Preclude the Late-Asserted Documents

Because the Court, in its ruling at the Pretrial, already precluded entry of exhibits regarding inventorship into evidence, Plaintiff's requested relief as to Exhibits E-1 (ECF 272-1 through 272-9), must be denied. *See* Tr. 06/11/2026 at 73 ("Inventorship seems to be something of a disputed issue, and trying to prove that Kallish lied about being an inventor would lead to a mini trial on the claim that was already dismissed, and under 403, excluding evidence to avoid a trial within a trial is proper."). Plaintiff offers no cogent regent to defer from this ruling, which is now law of the case.

### VII.    Conclusion

For the reasons stated above, this Court should deny the Motion's requested relief in its entirety.

<div style="margin-left: 50%;">

DEFENDANTS
THOMAS C. KALLISH
EVERYONE'S EARTH INC.

By: /s/ *Joseph W. Martini*
Joseph W. Martini
Armel L. Jacobs (*pro hac vice*)
Johnna M. Wallace (*pro hac vice*)
SPEARS MANNING & MARTINI LLC
2425 Post Road, Suite 203
Southport, CT  06890
Telephone:  (203) 292-9766
Facsimile:  (203) 292-9682
Email:  jmartini@spearsmanning.com
        ajacobs@spearsmanning.com
        jwallace@spearsmanning.com

</div>

## CERTIFICATION

I hereby certify that on June 16, 2026, a copy of the foregoing was filed electronically and served via electronic and/or First Class mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's CM/ECF system.

By:    /s/ *Joseph W. Martini*
   Joseph W. Martini
   SPEARS MANNING & MARTINI LLC
   2425 Post Road, Suite 203
   Southport, CT  06890
   Telephone:  (203) 292-9766
   Facsimile:  (203) 292-9682
   Email:  jmartini@spearsmanning.com

11