

75 S. Broadway, White Plains, NY 10601
914-529-9111 | claudia@claudiapollaklaw.com

**By ELECTRONIC CASE FILING**

June 16, 2026

THE HONORABLE CATHY SEIBEL
United States District Court Judge
The Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas St.
White Plains, NY 10601-4150

Re:     <u>*Nicole Richards v. Kallish et al.* Case No. 7:22-cv-09095 (CS)</u>

Hon. Judge Seibel:

In clarification of Defendants' letter submitted today, Defendants deliberately conflate two entirely different assignment agreements. Plaintiff has never contended that Defendants failed to produce the assignment attached as Defendants' Exhibit 3. This document is the October 27, 2016 assignment by Mr. Kallish to Everyone's Earth relating to his claimed inventorship interest. Plaintiff and Mr. Kallish both executed assignments transferring their purported interests to Everyone's Earth on that date. While Plaintiff did not claim that this document was withheld, the signed, dated, and recorded version filed with the USPTO was never produced by Defendants.

The document at issue is an entirely different agreement: the December 22, 2016 Assignment Agreement by which Everyone's Earth assigned Plaintiff's patent to Thomas Kallish personally. It is this assignment that Plaintiff contends was never produced despite discovery requests seeking all agreements and contracts between Mr. Kallish and Everyone's Earth. Importantly, the unsigned and undated assignment marked as Exhibit 3 was filed before Mr. Kallish assigned the patent to himself on December 22, 2016.

Defendants attach a heavily redacted email that purportedly references a document entitled "Recorded Assignment to Thomas.PDF." However, the email bears no Bates number, does not appear to have been produced in discovery, and does not attach or disclose the December 22, 2016 Assignment Agreement itself, and Defendants do not identify any production containing the assignment.

Defendants contend that the document was privileged and that the issue was resolved by the Magistrate Judge. But the document at issue is a recorded Assignment Agreement filed with the United States Patent and Trademark Office transferring ownership of Plaintiff's patent from Everyone's Earth to Thomas Kallish personally. Such a document cannot reasonably be characterized as privileged. It is a public filing and a responsive agreement that should have been

1

produced in response to Plaintiff's requests seeking agreements between Mr. Kallish and Everyone's Earth.

The fact remains that Plaintiff did not discover the December 22, 2016 assignment until this week. That assignment reveals that ownership of Plaintiff's patent had already been transferred to Mr. Kallish personally before he later issued the June 7, 2017 stock option agreement that Defendants now contend constituted Plaintiff's promised founder's shares.

Although Defendants suggest that Ms. Richards was aware of the transfer because her name appears on the referenced email, Ms. Richards does not recall ever receiving such an email. More importantly, Defendants identify no evidence showing that Ms. Richards was informed that Everyone's Earth had assigned her patent to Mr. Kallish personally. Ms. Richards first learned about this transfer this week. Plaintiff is not claiming that she was unaware her patent had been assigned to Everyone's Earth by both she and Mr. Kallish on October 27, 2016, and this is a non-issue. Rather, Plaintiff was never informed that, only eight weeks later, Everyone's Earth transferred ownership of her patent to Mr. Kallish individually.

After the December 22, 2016 Assignment Agreement, ownership of Plaintiff's patent resided with Mr. Kallish personally. Thus, when Mr. Kallish later issued the June 7, 2017 stock option agreement that Defendants now contend constituted Plaintiff's promised founder's shares, Everyone's Earth did not own the patent Plaintiff had been induced to contribute. A jury could reasonably conclude that the option agreement did not provide Plaintiff with ownership in the entity that actually owned and controlled her invention. Instead, the evidence shows that by the time the option agreement was issued, Mr. Kallish personally owned her patent and Plaintiff was issued stock options in a shell company. Defendants should not be permitted to argue to the jury that Plaintiff was given options in the company that owned her patent, since that was clearly not true when the option was issued.

Respectfully submitted,

/s/ Claudia Pollak
*Counsel for Plaintiff*